MUTUAL LIFE INS. CO. v. DOHERTY.

In re ROGERS' APPEAL.

(Circuit Court of Appeals, Third Circuit. December 2, 1896.)

No. 39.

MORTGAGES—MISNOMER—SUBSEQUENT JUDGMENTS.

The owner of certain land, which had been conveyed to him as G. D., made a mortgage thereof under the name of G. S. D., which was at once recorded. Subsequently certain creditors of said D., who knew these facts, took judgments against him as G. D., and thereupon claimed priority over

the mortgage, on the ground that their judgments were taken in the proper name of the owner of the land. *Held* that, whether such owner's name was G. D. or G. S. D., the claim of priority was untenable. 75 Fed. 951, affirmed.

Appeal from the Circuit Court of the United States for the Western District of Pennsylvania.

This was a suit by scire facias upon a mortgage, and was brought by the Mutual Life Insurance Company of New York against George S. Doherty. The case was heard below upon exceptions filed by William Rogers and Thomas J. Rogers, subsequent judgment creditors, to the marshal's return of his distribution of the fund, and such exceptions were overruled and the distribution confirmed. 75 Fed. 951. The exceptants have appealed.

J. H. Beal, for appellants.

Before DALLAS, Circuit Judge, and BUTLER and WALES, District Judges.

DALLAS, Circuit Judge. The question in this case is presented by the third specification of error, which avers that the court below erred in not sustaining an exception to the marshal's schedule of distribution of the fund in controversy, as follows:

"The marshal should not have distributed any portion of said fund to the plaintiff, because the plaintiff had no lien on said land by virtue of its said mortgage, and especially it had no lien upon said land as against the judgments of the exceptants; said mortgage being made and executed by George S. Doherty, and so recorded, while the legal title to the land described therein, and levied upon under such execution, was at the time in George Doherty, as appears by the records of the recorder's office in Allegheny county, in Deed Book, vol. 825, p. 597; the judgments of said exceptants being against George Doherty, in whose name the legal title stood."

The facts are, in part, thus stated in the opinion of the court below:

"On the 7th day of October, 1895, the defendant, George S. Doherty, executed and delivered to the plaintiff, the Mutual Life Insurance Company of New York, his mortgage upon a lot of land situate in Allegheny. City, Allegheny county, Pa., to secure a debt of $10,000. The mortgage is in the defendant's proper name, George S. Doherty, and is so signed and acknowledged. It was recorded in the recorder's office of Allegheny county on the 15th day of October, 1895. On May 21, 1896, suit by scire facias upon the mortgage was brought in this court, and on June 8, 1896, a judgment therein for the sum of $10,878 was entered in favor of the plaintiff. A writ of levari facias was issued upon the judgment, and by virtue thereof the marshal sold the mortgaged premises. In and by his special return the marshal appropriated out of the proceeds of sale to the plaintiff in the writ, the Mutual Life Insurance Company, the amount of the judgment on the mortgage, and interest."

The appellants insist that the "proper" name of the mortgagor is George Doherty, and not (as in the above extract) George S. Doherty; but whether, for every purpose, the one name or the other should be regarded as the true one, is unimportant. We think the learned judge was right about it, but do not rest our judgment upon any such abstraction, but upon the fact—which, for the present purpose, is controlling—that George Doherty, who took and held the legal title, and George S. Doherty, who made the mortgage, was one and the same person, and was known to be so by the appellants when they obtained the instruments on which the judgments were entered under

which they claim priority of lien. The facts are undisputed, and the necessary deduction from them is that the appellants, well knowing that the actual owner of the land had, by the name of George S. Doherty, executed a mortgage, which was recorded in due time, undertook to defeat or postpone it by entering confessed judgments against the same person under the name of George Doherty. They had previously taken, for the same debts, judgments d. s. b. against him as George S. Doherty. It is manifest, therefore, that they themselves understood that to be his name, and were aware that the person so named was the owner of the property to whom the title had been conveyed by the name of George Doherty. Under such circumstances, the demand that these judgments should be preferred to the prior mortgage, by reason merely of the alleged more correct designation of the debtor in the former, is as devoid of legal support as it is of intrinsic merit. The opinion filed in the circuit court adequately discusses the case, and we concur in the conclusion which was there reached. Its decree is therefore affirmed.